IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ROYCE HYATT, ET AL | § § § | |
| v | § | No. 5:09cv143 |
| | § § | |
| CHARLES V. MCGINNIS, ET AL | § | |

**ORDER SCHEDULING CIVIL ACTION FOR
RULE 16 MANAGEMENT CONFERENCE**

The above referenced matter is **SCHEDULED** for a management conference on **JANUARY 7, 2010 at 10:00 a.m.** Counsel and unrepresented parties are **ORDERED** to participate in a **telephone** conference set before U. S. Magistrate Judge Caroline M. Craven at United States District Court, 500 North State Line, 4th Floor Courtroom, Texarkana, TX 75501. Telephone conference is to be initiated by **ROY L. STACY.** Continuance of the management conference will not be allowed absent a showing of good cause.

Before the case management conference, counsel should review the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas (as amended effective December 1, 2000). The Local Rules are available on the Eastern District of Texas website (http://www.txed.uscourts.gov).

Counsel should pay particular attention to Fed. R. Civ. P. 26(f), which requires parties to confer not less than 21 days prior to the management conference. The Rule 26(f) attorney conference may be conducted over the telephone.

Before commencing the Rule 26(f) attorney conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference. Counsel should also inquire whether their clients are amenable to trial before a

1

United States magistrate judge. Parties willing to consent should submit the appropriate form (Appendix "B" to the Local Rules for the Eastern District of Texas) to the district clerk as soon as possible so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

Rule 26(f) requires attorneys of record and all unrepresented parties to attempt in good faith to agree on a proposed docket control order and to file with the clerk no later than 14 days after the conference a joint report outlining their proposals. The joint conference report must be filed no later than 7 days prior to the management conference.

The parties must include the following matters in the joint conference report:

(1) a brief factual and legal synopsis of the case;

(2) whether initial mandatory disclosure has been completed;

(3) suggested modifications of the docket control order deadlines (the Court's proposed docket control order deadlines are attached hereto as Appendix A);

(4) what changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories;

(5) the identity of persons to be deposed;

(6) whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c);

(7) estimated trial time;

(8) the name of an agreed mediator; and

(9) the names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

Failure to submit the joint conference report invites imposition of sanctions specifically

authorized by Fed. R. Civ. P. 16(f).

Discovery shall not commence until the parties have conferred under Rule 26(f). See Fed. R. Civ. P. 26(d). After the Rule 26(f) attorney conference, the parties may be deposed. Absent court order, no other depositions will be allowed prior to the management conference. Following the management conference, the Court will enter a docket control order establishing parameters of discovery and setting deadlines controlling disposition of the case.

Attorneys and *pro se* litigants who appear in this Court must be vigilant in their efforts to comply with the deadlines set forth in the Federal Rules of civil Procedure, the Local Rules for the Eastern District of Texas and this Court's docket control order.

**After all of the above-described activities have occurred AND if counsel for all parties agree that a management conference is unnecessary, counsel shall notify the Court in writing that all pre-management conference obligations have been met and that the deadlines in the proposed docket control order are acceptable. If the Court receives notification to this effect three (3) days before the scheduled management conference, the Court will cancel the management conference and enter the proposed docket control order.**

SO ORDERED.

SIGNED this 28th day of October, 2009.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

Appendix "A"

**PROPOSED DOCKET CONTROL ORDER DEADLINES**

| | |
|---|---|
| December 31, 2009 | Joint Attorney conference report due |
| January 7, 2010 | Management Conference |
| February 8, 2010 | Plaintiff to Designate Expert Witnesses |
| February 22, 2010 | Defendant to Designate Expert Witnesses |
| March 22, 2010 | Expert Witnesses Testimony Report |
| March 22, 2010 | Amended Pleadings |
| April 5, 2010 | Discovery Deadline |
| April 5, 2010 | Defendant to Answer Amended Pleadings |
| April 19, 2010 | Expert Discovery Deadline |
| April 19, 2010 | Plaintiff to Identify Trial Witnesses |
| May 3, 2010 | Defendant to Identify Trial Witnesses |
| May 3, 2010 | For filing Dispositive and *Daubert* Motions |
| May 17, 2010 | Response to Dispositive and *Daubert* Motions |
| June 24, 2010 | Joint Pretrial Order |
| July 6, 2010 | Final Pretrial Conference (FOLSOM) |
| July 7, 2010 | Jury Selection (FOLSOM) |